IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| LINDA SIMMONS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. 5:05-CV-28 (CAR) |
| THE BOEING COMPANY, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**ORDER ON PLAINTIFF'S MOTION TO SEAL**

Before the Court is Plaintiff Linda Simmons' unopposed Motion to Seal [Doc. 84] "all court documents" of this case filed nearly five years since the last docket entry was entered appeal.[1] The above-captioned suit, filed in January of 2005, involves Plaintiff's gender and age discrimination and retaliation claims against her former employer Defendant Boeing. On October 23, 2007, the Eleventh Circuit affirmed this Court's order granting summary judgment in favor of Defendant.

In her Motion, Plaintiff alleges that the difficulty she is experiencing in finding employment is caused by her prospective employer's access to the judicial record of this case. Accordingly, Plaintiff asserts that the instant action should be sealed in its entirety. She additionally argues that third parties have duplicated the official court

---

[1] [Doc. 84].

records and "re-post[ed] them on virtually every search engine available on the internet," despite her requests otherwise.[2]

There is a presumption in favor of public access to court records.[3] This presumption applies equally to civil and criminal cases.[4] The right of access to judicial records, however, is not absolute.[5] A party seeking to overcome this presumption must, at a minimum, show that public access would serve as a "vehicle for improper purposes."[6] The Court has discretion to decide which documents should remain open to the public, and "should be informed by a 'sensitive appreciation of the circumstances that led to … [the] production [of the particular document in question].'"[7]

The Court must balance the interests of the public against those of the individual when deciding whether to limit public access.[8] The focus of the Court's inquiry is "on the rights of the public in maintaining open records and the 'check[ ] on the integrity of the system,' insured by public access."[9] This determination is left to the discretion of

---

[2] *Id.* The Court conducted its own simple Google search for the terms: "Linda Simmons" and "Linda Simmons Boeing." Although the former search did not produce any results related to the instant action in the first several pages, the latter terms produced related hits in five of the first six entries. The sixth entry, ranked third overall, was what appears to be Linda Simmons' LinkedIn page.

[3] *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 597 (1978) (stating that, "[i]t is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents.")

[4] *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001).

[5] *Nixon*, 435 U.S. at 597.

[6] *Id.* at 598.

[7] *Chicago Tribune*, 263 F.3d at 1311 (quoting *Nixon*, 435 U.S. at 598).

[8] *Id.*

[9] *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985) (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983), citing *Richmond Newspapers Inc. v. Va.*, 448 U.S. 555, 592 (1990) (Brennan, J., concurring)).

the Court. However, where the Court "conceals the record of an entire case, making no distinction between those documents that are sensitive or privileged and those that are not, it must be shown that 'the denial [of access] is necessitated by a compelling governmental interest, and is narrowly tailored to that interest.'"[10]

Plaintiff is proceeding *pro se*, so the Court must give her procedural leeway.[11] However, the Court may not give Plaintiff leeway with regard to the legal standard for sealing the case in its entirety. Although the Court is sympathetic to Plaintiff's position, the Court concludes that sealing the entire case is not necessitated by a compelling governmental interest, or even that her interests outweigh the significant public interest in full access to judicial records.

With respect to Plaintiff's particular interest in obtaining employment, several federal courts that have considered similar issues have declined to seal public records in such circumstances.[12] The harm Plaintiff alleges is precisely the same harm that most employment discrimination plaintiff's face, and yet there is no tradition of sealing all such records or even of allowing anonymous employment discrimination litigation.[13]

---

[10] *Chicago Tribune*, 263 F.3d at 1311 (quoting *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985)).
[11] *See Dioguardi v. Durning*, 139 F.2d 774, 775 (2nd Cir. 1944).
[12] *Elbertson v. Chevron, U.S.A., Inc.*, No. H-10-0153, 2010 WL 4642963 (S.D. Tex. Nov. 9, 2010); *Peru v. T-Mobile USA, Inc.*, No. 10-cv-01506-MSK-BNB, 2010 WL 2724085, at *1-3 (D. Colo. July 7, 2010); *U.S. ex rel. Permison v. Superlative Techs., Inc.*, 492 F. Supp. 2d 561, 564-65 (E.D. Va. 2007).
[13] *See Doe v. Frank*, 951 F.2d 320, 324 n.6 (11th Cir. 1992) (concluding that plaintiff who alleged disability discrimination was not entitled to anonymous litigation as "[t]he injury litigated against-employment discrimination-has already occurred").

Despite Plaintiff's alleged actual harm, sealing the record in this case is not the most appropriate remedy, especially in light of the law's prohibition (and remedy for) discrimination or retaliation by a prospective employer against applicants in these circumstances.[14]  Additionally, the public's access to the judicial record since the lawsuit's inception in January 2005 weighs in favor of continued public access.[15] Moreover, it is this Court's understanding that sealing the record now will have little, if any, practical effect on those third parties who have already lawfully obtained a copy of the record and therefore will do little to redress Plaintiff's allegations.  Accordingly, Plaintiff's Motion to Seal [Doc. 84] is **DENIED**.

**SO ORDERED,** this 15th day of February, 2013.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

LMH

---

[14] *See generally Kelley v. Goodyear Tire & Rubber Co.*, 220 F.3d 1174, 1179 (10th Cir. 2000) (discussing employee's claim that prospective employer retaliated against him for filing complaint against prior employer); *Nilsson v. City of Mesa*, 503 F.3d 947, 954–55 & n.3 (9th Cir. 2007) (same).

[15] *See, e.g., Weiss v. Allstate Ins. Co.*, No. 06–3774, 2007 WL 2377119, at *5 (E.D. La. Aug. 16, 2007).